## KIMBALL v. UPPERCU.

### (Supreme Court, Appellate Term.   April 13, 1911.)

TRIAL (§ 253*)—INSTRUCTIONS—IGNORING ISSUES.

An instruction which fails to present the issues raised is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from City Court of New York, Trial Term.

Action by Wilbur R. Kimball against Inglis M. Uppercu. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Henry Amerman (Thomas H. McKee, of counsel), for appellant.

Goldsmith & Rosenthal (Milton M. Goldsmith, of counsel), for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for $1,250, an alleged balance due him upon a contract with the defendant. It appears that the plaintiff sold the defendant an aëroplane and motor for $3,250. The contract was in writing. Thereafter the contract was rescinded by consent, and two days thereafter the agreement was renewed orally. There is some dispute as to the exact understanding of the parties as to the oral agreement; but it would appear that they contemplated that the last $1,250 should be paid by the defendant, either for rights to manufacture the motor or upon the plaintiff furnishing the defendant with information satisfactory to him as to patent rights and rights to manufacture. The plaintiff has failed to show that he furnished any rights to manufacture; but, if his testimony is true, he did furnish the defendant with information of the terms upon which the motor could be manufactured, and this information was satisfactory to the defendant.

The real issue of the case was whether or not the defendant was satisfied, and expressed his satisfaction, with the information furnished. The defendant was entitled to have this issue presented to the jury. Apparently the justice took the view, and charged the jury, that the issue was whether the contract was an "entire" contract for the purchase of the aëroplane and motor or whether it was a contract for the purchase of the aëroplane and motor for $2,000, and another contract for the purchase of rights to manufacture for an additional sum of $1,250, and he expressly charged the jury that, if they found that the contract was "one entire" contract of purchase of the aëroplane and motor, the plaintiff would be entitled to the balance due. His charge entirely overlooks the fact that in any event this balance would become due only if the plaintiff furnished satisfactory information as to the manufacturing rights.

The order denying the motion to set aside the verdict and for a new trial should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes